**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5178-17T3

JOHN GENTLESS,

    Plaintiff-Appellant,

v.

MAYOR AND BOROUGH
COUNCIL OF THE BOROUGH
OF STRATFORD,

    Defendants-Respondents.
_____

        Argued June 5, 2019 – Decided June 21, 2019

        Before Judges Reisner and Mawla.

        On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3344-17.

        John Gentless, appellant, argued the cause pro se.

        Stuart A. Platt argued the cause for respondent (Platt & Riso, PC, attorneys; Stuart A. Platt, on the brief).

PER CURIAM

In order to comply with the Borough of Stratford's court-approved fair share affordable housing plan, the Borough Council adopted Ordinance 2017-11 (the ordinance), adding a housing component to the rehabilitation/redevelopment plan for a dilapidated shopping center. Before adopting the ordinance, the Council received a resolution from the Borough's Joint Land Use Board (the Board), recommending adoption of the proposed ordinance as being consistent with the Borough's master plan. In his amended complaint in lieu of prerogative writs, plaintiff John Gentless[1] challenged the ordinance as not being substantially consistent with the master plan, N.J.S.A. 40A:12A-7(d), asserted that the public notice of its proposed adoption was inadequate under N.J.S.A. 40:49-2(a), and contended that one of the Board members had a conflict of interest because he allegedly lived within two hundred feet of the shopping center.

In a comprehensive written opinion, Assignment Judge Deborah Silverman Katz addressed and rejected each of plaintiff's arguments. Among other things, she noted that plaintiff produced no legally competent evidence that the allegedly-conflicted Board member owned or had an interest in property near the shopping center. The judge also found that the Board's

---

[1] Plaintiff was formerly the Borough's Mayor.

A-5178-17T3

recommendation, concerning consistency with the master plan, was based on expert planning testimony that the Board credited, and the Council's public notice provided sufficient information to satisfy N.J.S.A. 40:49-2(a).

On this appeal from Judge Silverman Katz's June 5, 2018 order dismissing his complaint, plaintiff raises the same arguments he presented in the trial court. We affirm for the reasons stated in the judge's comprehensive written opinion. Defendant's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION